UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATANYA MATHEWS,

        Plaintiff,

v.

LAVIDA MASSAGE FRANCHISE
DEVELOPMENT, INC.,

        Defendant.

Case No. 13-12587
Honorable Julian Abele Cook, Jr.

## ORDER

This litigation arises out of a claim by the Plaintiff, Latanya Mathews, who contends that the loss of her employment position as a massage therapist with the Defendant, Lavida Massage Franchise Development, Inc. ("Lavida Massage") was unlawfully exercised in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and the Elliott-Larsen Civil Rights Act, Mich. Comp. Laws. § 37.2202 ("ELCRA").

Currently before the Court is a motion by Mathews who seeks to file an amended complaint which, if granted, would add another corporate entity, North South Investments, Inc. ("NSI"), to this litigation. (ECF No. 15). It is her belief that NSI is a necessary party to this controversy because of its purported fiscal interest in Lavida Massage.

I.

The crux of Mathews' complaint is that Lavida Massage discriminated against her religious beliefs by requiring her to work on Sundays. (Compl. ¶¶ 27-30). Mathews maintains that, prior to her selection as an employee, she advised her then-prospective employer, Lavida Massage, that she

was unable to work on Sundays for religious reasons. While her request was honored for some period of time, Mathews asserts that during the month of February 2012, Lavida Massage experienced a change in its management that seemingly did not agree with this accommodation. Thereafter, Mathews was terminated on May 14, 2012 because of her failure to show up for a scheduled Sunday shift.

On June 8, 2012, Mathews filed a charge of religious discrimination with the Equal Employment Opportunity Commission ("EEOC"), naming only "Lavida Massage" as the alleged offending party. Following the EEOC's administrative rejection of her claims, she received a "right to sue" letter from the EEOC which authorized her to proceed with a lawsuit in this Court. Shortly thereafter, Mathews learned that Lavida Massage (the only entity named in this EEOC charge) may not be the proper defendant in this matter. In fact, Mathews' IRS Form W-4 purportedly identifies NSI as her employer.

II.

The Federal Rules of Civil Procedure provide that, unless an amendment is filed under circumstances that are not applicable here, a party may modify its pleading only with the consent of the opposing party or the specific authority of the court. Fed. R. Civ. P. 15(a). This Rule is to be construed liberally, and the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court, speaking of the Federal Rules generally as well as of Rule 15 in particular, has stated that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of [ ] mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962); *see also Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999) (citation omitted) ("[T]he thrust of Rule 15 is . . . that cases should be tried on their merits

2

rather than the technicalities of pleadings."). The underlying purpose of allowing parties to amend their pleadings is to permit the issues to be tried on the merits. *Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

The Supreme Court has articulated several factors that are relevant to the propriety of granting leave to amend. "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182; *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007) ("Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment.").

III.

In her motion to amend, Mathews seeks the authority of the Court to add NSI to this lawsuit for the purpose of asserting claims of religious discrimination under Title VII and ECLRA. The Defendant opposes this request on the grounds that (1) Mathews failed to act with due diligence in seeking the addition of NSI as a party; (2) the granting of her request at this juncture of the case would be highly prejudicial to its ability to adequately defend its legal position in this lawsuit, and (3) her claims against NSI must fail as a matter of law, which, in turn, would render the proposed amendment futile in any case.

With respect to the Defendant's first argument, while the addition of another party to this litigation may result in some delay and cause the parties to incur additional expense, these factors do not constitute "undue prejudice" because NSI's participation in this litigation is necessary for this Court to fairly and fully adjudicate this controversy. Moreover, and contrary to the Defendant's assertion, there is no implication within the record that Mathews' request is the result of bad faith or a dilatory motive. *See Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968 (6th Cir. 1973) (affirming denial of motion to amend where plaintiff had already lost on summary judgment and appeal, and then sought to present alternative theory of recovery that had been previously available to it). Indeed, it cannot plausibly be maintained that Mathews expected to inure some benefit by purposefully excluding a potentially responsible party until some later time in this litigation. In fact, as discussed below, by failing to name NSI in her complaint with the EEOC, it would appear that she has waived her right to assert a claim under Title VII here. Finally, Mathews' request–filed just four months after her original complaint–comes before any depositions or discovery has been undertaken, thus allowing all parties ample time to reconsider their litigation strategy moving forward.

In the alternative, the Defendant argues that it would be futile to allow Mathews to amend her complaint because, in its opinion, both claims against NSI will fail as a matter of law. "A proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). With respect to Mathews' pending Title VII claim, it is well understood that she "must first file a charge of employment discrimination with the EEOC and receive the statutory notice of the right to sue. 42 U.S.C. § 2000e–5(f)(1)." *Little v. Nationwide Children's Hosp.*, 09-CV-190, 2010 WL 1882144, *1 (S.D.

Ohio May 11, 2010).

Here, Mathews did not name NSI in her charge of discrimination with the EEOC. Even assuming, *arguendo,* that NSI was a party to the administrative proceeding, 42 U.S.C. § 2000e–5(f)(1) requires her, as the complainant, to initiate a lawsuit in a federal court within ninety days of the EEOC's issuance of the right to sue. The EEOC's "notice of suit rights" was issued over one year ago. (Pl's Mot. Amend, Ex. 3, ECF No. 15).

Under these circumstances, the Court concludes that, inasmuch as Mathews has not exhausted her administrative remedies against NSI, a claim under Title VII would be properly dismissed under Fed. R. Civ. P. 12(b)(6). Hence, this pleading would fail to satisfy the futility test set forth in *Rose.*[1]

Finally, the Defendant argues that Mathews' ECLRA claim against NSI–her only remaining claim at this juncture–likewise fails as a matter of law and is therefore futile. Relying on *Ureche v. Home Depot U.S.A., Inc.,* 06-CV-11017, 2006 WL 3825070, *1 (E.D. Mich. Dec. 26, 2006), the Defendant maintains that ECLRA contains no affirmative duty to accommodate an employee's religious beliefs. While disagreeing with the basic premise of this argument, Mathews also responds by noting that her claim is based on a failure of the Defendant to accommodate *and* religious discrimination. (Pl's Reply Brf., 7, ECF No. 17). In *Ureche*, the court specifically noted that the plaintiff's claim under ECLRA was limited to her employer's alleged failure to accommodate. *Id.* at *3. In light of the limited record before the Court concerning Mathews' ECLRA claim, it is premature, at this stage, to draw any conclusions regarding its legal viability. As such, the Court

---

[1] The Court notes that Mathews failed to respond to the Defendant's Title VII futility argument in her reply brief.

grants the Plaintiff's motion to amend her complaint to add NSI as a party to this lawsuit for purposes of asserting her ELCRA claim.

IV.

For the reasons that have been set forth above, Mathews' motion to amend (ECF No. 15) seeking leave to add NSI as a Defendant in this matter is (1) granted with respect to her request to assert a claim under ECLRA, and (2) denied as being futile regarding her claim under Title VII. The clerk of the Court is directed to add "North South, Inc." as a Defendant to the caption of this matter. Furthermore, Mathews is directed to file her amended complaint, consistent with this opinion and order, within a period of ten (10) calendar days from the date of this order.

IT IS SO ORDERED.


Date: June 9, 2014
s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 9, 2014.

s/ Kay Doaks
Case Manager